IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES MELVIN ZIELASKO, and<br>TERRI LYNN ZIELASKO,<br><br>    Plaintiffs,<br><br>v.<br><br>ROLLIN EDWARD ROUNTREE,<br>TRI-STATE IDEALEASE, INC., and<br>SOUTHERN RECYCLING, LLC<br><br>    Defendants. | No. 3:22-mc-9999<br>**Jury Demanded** |

## COMPLAINT

Come the Plaintiffs, James Melvin Zielasko ("Mr. Zielasko") and Terri Lynn Zielasko ("Mrs. Zielasko"), by and through undersigned counsel and for cause of action against the Defendants, Rollin Edward Rountree ("Mr. Rountree"), Tri-State Idealease ("Tri-State"), and Southern Recycling, LLC ("Southern Recycling") state as follows:

1. At all times relevant herein, James Melvin Zielasko and Terri Lynn Zielasko are citizens and residents of the State of Florida.

2. At all times relevant herein, James Melvin Zielasko and Terri Lynn Zielasko are married and living together and citizens of the State of Florida.

3. At all times relevant herein, Rollin Edward Rountree is a citizen of the State of Kentucky, residing at 389 Hilltop Trail, Bowling Green, KY 42101.

4. At all times relevant herein, Tri-State Idealease, Inc., was doing business in the State of Tennessee and doing business as Tri-State Idealease, Inc.

5. At all times relevant herein, Tri-State Idealease, Inc., was a for-profit corporation formed under the laws of the State of Tennessee with its principal place of business located at 920 West Main Street, Union City, Tennessee 38261.

6. At all times relevant herein, Southern Recycling, LLC, was doing business in the State of Tennessee and doing business as Southern Recycling, LLC.

7. At all times relevant herein, Southern Recycling, LLC, was a for-profit Limited Liability Company formed under the laws of the State of Delaware with its principal place of business located at 700 Church Street, Bowling Green, Kentucky 42101 and can be served by its registered agent at: 421 West Main Street, Frankfort, Kentucky 40601.

8. At all times relevant herein, Rollin Edward Rountree, was an employee of Southern Recycling, LLC, and was acting in the scope of said employment.

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the controversy exceeds $75,000, exclusive of interest and costs.

10. This cause of action arises as a result of a motor vehicle crash that occurred on April 1, 2021, in Sumner County, Tennessee on Interstate 65 near mile marker 101.

11. Defendant Mr. Rountree, upon information and belief, was driving a 2018 International Semi-Truck ("truck") owned by Tri-State and operated by Southern Recycling at the time of this crash.

12. On April 1, 2021, at approximately 3:36 p.m., Mr. Zielasko was operating a 2020 Chrysler Pacifica, travelling north on Interstate 65 near mile marker 101.

13. Mr. Zielasko was, at all relevant times, acting in a safe and prudent manner.

14. Mrs. Zielasko was, at all relevant times, a passenger in Mr. Zielasko's automobile.

15. Both the Plaintiffs and Mr. Rountree were traveling in the far-left lane.

16. Northbound traffic had stopped due to congestion. Mr. Zielasko, consistent with traffic conditions, safely slowed his vehicle to a stop.

17. Mr. Rountree, on the other hand, was operating his commercial vehicle in an unsafe, reckless, and negligent fashion.

18. Mr. Rountree was traveling at an unsafe speed for the traffic conditions, as well as following Mr. Zielasko's vehicle too closely.

19. Mr. Rountree was unable to stop his commercial vehicle to accommodate traffic conditions, and suddenly and without warning, Mr. Rountree's vehicle violently collided with the rear of Mr. Zielasko's vehicle.

20. The impact of Mr. Rountree's vehicle forced Mr. Zielasko's vehicle into the middle of the roadway facing southwest.

21. As a direct and proximate result of this accident, caused by the negligent and reckless behavior of and attributable to the Defendants, Mr. Zielasko has suffered significant personal injuries, some of which are permanent in nature.

22. Additionally, Mr. Zielasko has experienced and will continue to suffer losses in enjoyment of life, pain, suffering, and significant discomfort.

23. As a result of this accident, Mr. Zielasko has incurred and will continue to incur reasonable and necessary medical bills for the treatment of his injuries.

24. Mr. Zielasko has experienced lost wages because of this accident. Furthermore, Mr. Zielasko has experienced a loss of earning capacity as a direct and proximate result of this accident.

25. The defendants are liable to Mr. Zielasko in common law negligence for the injuries he has sustained as a direct and proximate result of this accident.

26. As a direct and proximate result of this accident, caused by the negligent and reckless behavior of and attributable to the Defendants, Mrs. Zielasko has suffered significant personal injuries, some of which are permanent in nature.

27. Additionally, Mrs. Zielasko has experienced and will continue to suffer losses in enjoyment of life, pain, suffering, and significant discomfort.

28. As a result of this accident, Mrs. Zielasko has incurred and will continue to incur reasonable and necessary medical bills for the treatment of her injuries.

29. Mrs. Zielasko has experienced lost wages because of this accident. Furthermore, Mrs. Zielasko has experienced a loss of earning capacity as a direct and proximate result of this accident.

30. The defendants are liable to Mrs. Zielasko in common law negligence for the injuries she has sustained as a direct and proximate result of this accident.

31. As a direct and proximate result of Mr. Rountree's negligence, Mr. Zielasko was deprived of the services, companionship, and consortium of his wife, for which he is entitled to receive an award of damages from the Defendants.

32. As a direct and proximate result of Mr. Rountree's negligence, Mrs. Zielasko was deprived of the services, companionship, and consortium of her husband, for which she is entitled to receive an award of damages from the Defendants.

33. Mr. Rountree is liable for his failure to use due care in operating his employer's motor vehicle, for following too closely, and for his failure to keep the truck under proper control.

34. Each act of negligence or recklessness of Mr. Rountree is imputed to Southern Recycling as Mr. Rountree's employer under the doctrine of *respondeat superior*.

35. Southern Recycling is further liable to the Plaintiffs in common law negligence for its negligent hiring, negligent supervision, and negligent training of Mr. Rountree.

36. Each instance of negligence and recklessness by Mr. Rountree is imputed to Southern Recycling, as described above, and constitutes a proximate and legal cause of the subject accident and of the resulting injuries and damages to the Plaintiffs.

37. Additionally, the Plaintiffs rely upon common law and statutory principles of agency as they relate to Southern Recycling.

38. Upon information and belief, Tri-State was the owner of the truck that Mr. Rountree was driving during the accident.

39. Further, upon information and belief, Tri-State entrusted the vehicle to Mr. Rountree.

40. Accordingly, Tri-State is liable for its negligent and reckless entrustment of the truck to Mr. Rountree who was operating this vehicle.

41. The Plaintiffs rely upon common law and statutory principles of agency as they relate to Tri-State, including, but not limited to, Tennessee Code Annotated § 55–10–311, which indicates that proof of Tristate's ownership of the truck is "prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose."

42. The Plaintiffs aver that the conduct of and attributable to the Defendants, as described above, is the legal and proximate cause of the damages sustained by plaintiffs.

WHEREFORE, the Plaintiff requests the following relief:

1. That process issue and be served on the Defendants, requiring them to answer the allegations contained herein within the time prescribed by law.

2. That a jury of 12 be empaneled to hear this cause.

3. That judgment be entered in favor of the Plaintiffs for all damages resulting from the defendants' careless, grossly negligent, reckless, and unlawful acts.

4. Compensatory damages for the Plaintiffs in an amount the trier of fact deems just, not to exceed $1,500,000.

5. Loss of consortium damages for Mr. Zielasko in an amount the trier of fact deems just, not to exceed $100,000.

6. Loss of consortium damages for Mrs. Zielasko in an amount the trier of fact deems just, not to exceed $100,000.

7. That all costs, including, but not limited to, all discretionary costs, be taxed to the defendants.

8. Additional and further relief as this Honorable Court deems appropriate.

Respectfully submitted this 8th day of March 2022.

        JAMES MELVIN ZIELASKO,
        TERRI LYNN ZIELASKO,
        PLAINTIFFS

By:    */s/ Tasha C. Blakney*
        TASHA C. BLAKNEY, BPR # 019971
        ZACHARY R. WALDEN, BPR # 035376
        ELDRIDGE & BLAKNEY, P.C.
        The Cherokee Building
        400 W. Church Avenue, Suite 101
        Knoxville, Tennessee 37902
        (T) 865.544.2010 (F) 865.544.2015
        tblakney@eblaw.us
        zwalden@eblaw.us

        */s/ Brent C. Miller*
        BRENT C. MILLER
        LAW OFFICES OF BRENT C. MILLER, P.A.
        205 East Burleigh Boulevard
        Tavares, Florida 32778
        (T) 352.343.7400 (F) 352.253.1227
        ATTORNEYS FOR THE PLAINTIFF